UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHEENA JONES,

            Plaintiff,

        - against -

UNITED AIRLINES, INC.,

            Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6625 (RRM) (ST)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Sheena Jones, proceeding *pro se*, filed the instant complaint against her former employer, United Airlines, Inc., alleging that she was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Doc. No. 1.) Jones's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the purposes of the instant Order. (Doc. No. 2.) For the reasons below, Jones is granted leave to amend her complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Jones submitted an employment discrimination form complaint in which she sets forth claims of retaliation and termination of employment. (Compl. at 3.)[1] In the form complaint, Jones alleges that defendant discriminated against her on the basis of her race (African American). (*Id.*) In the facts section, Jones alleges in its entirety:

> I was fulfilling my duty per CRM (Crew Resource Management) when I notify the Captain Perun and First Office[r] Braun the potential breach of the cockpit was a CREW ERROR that they precipitated[.] I notified the Captain I will report the security breach. He harassed, bullied, intimidated, and sent me to the back of the aircraft to work. Office[r] Braun threaten[ed] me with arrest on landing. I

---

[1] For ease of reference, citations to the complaint refer to the page numbers assigned by the Electronic Case Filing ("ECF") system.

> notified Human Resource at United and EEOC of the prejudice and racist treatment. I testified to the treatment at my hearing with United management on November 15, 2012. I was terminated on November 29, 2012.

(*Id.* at 4–5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd,* 133 S. Ct. 1659 (2013) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678–79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is

complaining about and to know whether there is a legal basis for recovery. *See Bell Atl. Corp.*, 550 U.S. at 555 (requiring that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Cabey v. ATRIA Senior Living*, No. 13-CV-3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014).

Even under the most liberal interpretation of Jones's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status based on her race. Jones does no more than allege events preceding her termination and provide that she is African American. This is insufficient. *See Littlejohn v. City of New York*, 795 F.3d. 297, 311 (2d Cir. 2015) (The facts required by *Iqbal* to be alleged in the complaint need to "give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show

3

discrimination by giving rise to a plausible inference of discrimination."). Accordingly, Jones's complaint fails to state a claim.

## CONCLUSION

In light of Jones's *pro se* status, she is granted thirty (30) days leave from the date of this Order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). If Jones elects to file an amended complaint, it must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Jones should set forth the factual allegations on which she bases her federal claims against her former employer and provide all relevant dates. Jones should also include a copy of the charge she filed with the EEOC or any other agency, if available. However, Jones cannot rely on exhibits or other documents to replace a statement of claim.

Jones is advised that the amended complaint will completely replace the original complaint, and must be captioned, "Amended Complaint," and bear the same docket number as this Order.

If Jones fails to comply with this Order within the time allowed, judgment dismissing the action shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to forward to plaintiff a copy of this Memorandum and Order, together with an employment discrimination form complaint.

SO ORDERED.

Dated: Brooklyn, New York
April 13, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge