UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHEENA JONES,

                                                     Plaintiff,

     -against-

UNITED AIRLINES INC.,

                                                     Defendant.

**SUA SPONTE**
**REPORT AND RECOMMENDATION**

**15-CV-6625 (RRM) (ST)**

-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

On November 16, 2015, Sheena Jones ("Plaintiff"), proceeding *pro se*, filed this action against her former employer, United Airlines, Inc. ("Defendant"), alleging that she was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. By Order dated April 13, 2016, Plaintiffs request to proceed *in forma pauperis* was granted for the purpose of the Order and Plaintiff was directed to file an amended complaint. Mem. & Order, ECF No. 4. On May 12, 2016, Plaintiff submitted an Amended Complaint (ECF No. 5) which was reviewed for sufficiency. Upon due consideration, Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted by this Court's order. Order, ECF No. 6. The United States Marshal Service was directed to serve the summons, complaint, amended complaint, and the docket order to Defendants. *Id*. It appears that service of the Court's Order (ECF No. 6) was not completed. Four years later, on March 5, 2020 Plaintiff was ordered to provide the complete information where defendant may be served no latter than March 31, 2020. Order, ECF No. 8. The Court mailed two copies of this Order (ECF No. 8) to the Plaintiff, to an address stated on the docket sheet, and on March 16, 2020, one was returned as "undeliverable." ECF No. 9, 10.

As the Plaintiff did not comply, on May 7, 2020, the Court directed that by June 6, 2020 the Plaintiff shall show cause why a recommendation dismissing this case for failure to prosecute should not be made to the District Court and directed the Clerk of the Court to forward one copy of the Order to Show Cause to the Plaintiff at the address listed on the docket sheet and the address listed on the Amended Complaint (ECF No. 5).[1] ECF No. 10. To date, Plaintiff has failed to comply with this Court's Order or otherwise communicate with the Court.

## DISCUSSION

While dismissal for failure to prosecute is unquestionably a "harsh remedy" that should be limited to "extreme situations," it is axiomatic that a district court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 576-75 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-01 (1962)). The Federal Rules of Civil Procedure provide that "if a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and the Court, in its discretion, may grant such a dismissal. Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 633; *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit enumerated five principal factors a Court considering dismissal should follow:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 575 F.3d 248, 254 (2d Cir. 2004)). Generally, no one single factor is dispositive. *Id.*

---

[1] The Court updated the docket to reflect the address provided on the Amended Complaint. ECF No. 10.

With regard to the first factor, the failure of the Plaintiff to participate in this case has been of sufficient duration to warrant dismissal. On June 2, 2016 the Plaintiff's application to proceed *in forma pauperis* was granted and the Plaintiff has failed to participate in this case since. Plaintiff has failed to respond to the Court's March 5, 2020 Order (ECF No. 8) and May 7, 2020 Order to Show Cause. ECF No. 10. Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *E.g.*, *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013). Seeing that one of the two copies of the March 5, 2020 Order issued by this Court was "undeliverable," (ECF No. 9, 10) the Court on May 7, 2020 directed the Clerk of the Court to forward one copy of the Order to Show Cause to the Plaintiff at the address listed on the docket sheet as well as the address listed on the Amended Complaint (ECF No. 5). ECF No. 10. The Order appears to have been delivered successfully but Plaintiff has still not complied nor responded to the Order to date. Plaintiff has not updated their contact information since May 12, 2016, and courts in the Second Circuit have emphasized that "it is the plaintiff's responsibility to keep the Court informed of [their] current address, and a failure to do so may justify dismissal for failure to prosecute." *Murray v. N.Y.C. Dep't of Corr.*, No. 16-CV-0676 (AMD) (ST), 2016 U.S. Dist. LEXIS 178892 (E.D.N.Y. Dec. 23, 2016) *(*citing *Sims v. Fernandez*, 2004 U.S. Dist. LEXIS 6108 (S.D.N.Y. Mar. 16, 2004); *see also Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs.*, 2014 U.S. Dist. LEXIS 22287 (S.D.N.Y. Feb. 20, 2014) (holding that the same applies to pro se plaintiffs). Plaintiff's lack of action has led this case to lay idle and caused a hindrance in moving forward, which weighs heavily in favor of dismissal.

The second factor was satisfied on May 7, 2020 when this Court warned that Plaintiff's failure to show cause by June 6, 2020 may result in a recommendation of dismissing of the case.

ECF Nos. 10. As to the third factor, Defendant will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered. *See Caussade*, 293 F.R.D. at 630. ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). Further, the Plaintiff has not been heard from since 2016 and initially filed their claim with the Court on November 16, 2015 based on events which occurred in 2012. ECF No. 1. These delays likely caused "memories to fade, evidence to become stale or lost, and in these and other ways, prejudice [to] defendants." *Aneb Senkita v. Mayor of N.Y.*, No. 13-CV-4079 (ENV) (ST), 2018 U.S. Dist. LEXIS 180974 (E.D.N.Y. Oct. 16, 2018) (citing *English v. Azcazubi*, No. 13-CV-5074 (RRM)(LB), 2015 U.S. Dist. LEXIS 35411 (E.D.N.Y. Mar. 20, 2015)). This factor also weighs in favor of dismissal.

Fourth, dismissing this case would aid the Court's effort to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citations omitted). However, in a case like this one, where Plaintiff is unresponsive to the Court's orders and explicit deadlines, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard. Plaintiff "has shown little interest in prosecuting this case," as she has not been in contact with the Court since 2016 and has failed to comply with Court Orders. *See Caussade*, 293 F.R.D. at 631. Therefore, this Court can only conclude that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v.*

*Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). Thus, this factor also weighs in favor of dismissal for failure to prosecute.

Finally, the fact that the Plaintiff is unreachable means that there is no lesser sanction that would be adequate. "Here, it would not even be possible to impose lesser sanctions in a manner that [Plaintiff] would be aware of them inasmuch as [he] has been inaccessible for the past several months. Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Caussade*, 293 F.R.D. at 631 (citations omitted); *see Crenshaw v. McNamara*, 2016 U.S. Dist. LEXIS 59469, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016) ("[B]ecause Plaintiff's whereabouts are unknown because of his failure to communicate with the Court (or, apparently, Defendants), no less drastic sanction would prove effective."). This factor, too, weighs in favor of dismissal for failure to prosecute.

## CONCLUSION

Here, all five factors weigh heavily in favor of dismissal for failure prosecute. Thus, I recommend that the instant action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Garcia*, 2016 U.S. Dist. LEXIS 43719, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631-32 (same); *Pitt v. City of N.Y.*, No. 15-CV-6657 (LDH) (ST), 2016 U.S. Dist. LEXIS 129261, at *8 (E.D.N.Y. Sep. 19, 2016) (dismissing with prejudice for a pro se plaintiff).

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                                /s/
                                                  Steven L. Tiscione
                                                  United States Magistrate Judge
                                                  Eastern District of New York

Dated: Brooklyn, New York
         September 15, 2020